COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-283-CR

 

 

THOMAS ISSAC SEATON                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 297TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Thomas Issac Seaton
entered an open plea of guilty to the charge of unlawful possession of a
firearm.  The trial court found Seaton
guilty and assessed his punishment at ten years= confinement.








Seaton=s court-appointed appellate counsel has filed a motion to withdraw as
counsel and a brief in support of that motion. 
Counsel=s brief and
motion meet the requirements of Anders v. California[2]
by presenting a professional evaluation of the record demonstrating why there
are no arguable grounds for relief. 
Seaton was given the opportunity to file a pro se brief, but he did not
do so.

As the reviewing court, we
must conduct an independent evaluation of the record to determine whether counsel is
correct in determining that the appeal is frivolous.  See Stafford v.
State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays v. State, 904
S.W.2d 920, 923 (Tex. App.CFort Worth 1995,
no pet.). 
Only then may we grant counsel=s motion to withdraw.  See Penson v. Ohio, 488 U.S. 75, 82B83, 109 S. Ct.
346, 351 (1988).  Because Seaton entered an open plea of
guilty, our independent review for potential error is limited to potential
jurisdictional defects, the voluntariness of Seaton=s plea, error that is not independent of and supports the judgment of
guilt, and error occurring after entry of the guilty plea.  See Monreal v. State, 99 S.W.3d 615,
620 (Tex. Crim. App. 2003); Young v. State, 8 S.W.3d 656, 666B67 (Tex. Crim.
App. 2000).








We have carefully reviewed
the record and counsel=s
brief.  We agree with counsel that this
appeal is wholly frivolous and without merit. 
We find nothing in the record that might arguably support the
appeal.  See Bledsoe v. State, 178
S.W.3d 824, 827B28 (Tex.
Crim. App. 2005).  We therefore grant
counsel=s motion to withdraw and affirm the trial court=s judgment.

 

PER CURIAM

PANEL F: 
HOLMAN, GARDNER, and WALKER, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: 
April 24, 2008











[1]See Tex. R.
App. P. 47.4.





[2]386 U.S. 738, 87 S. Ct. 1396
(1967).